IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TRAVIS D. WILLIAMS,

                Plaintiff,                          OPINION AND ORDER

v.

                                                  21-cv-500-wmc

ANDREA TITLBACH, AUSTIN MELLUM,
HIEDI BROWN and ELLEN RAY,

                Defendants.

---

*Pro se* plaintiff Travis Williams, who previously was incarcerated at the Wisconsin Secure Program Facility ("WSPF"), filed this lawsuit under 42 U.S.C. § 1983, claiming that four WSPF employees violated his constitutional right to due process and access to the courts, as well as his related state law rights. His complaint is ready for screening as required by 28 U.S.C. §§ 1915(e)(2), 1915A. However, even construing Williams' allegations generously and in his favor, his complaint fails to state a federal claim upon which relief can be granted. Therefore, the court is dismissing his complaint, but giving Williams the opportunity to amend his complaint that addresses the deficiencies described below.

ALLEGATIONS OF FACT[1]

Plaintiff Travis Williams seeks to proceed against the following WSPF employees: Andrea Titlbach, a business office employee; Austin Mellum, a sergeant; Hiedi Brown, a unit manager; and Ellen Ray, an inmate complaint examiner ("ICE") and legal coordinator.

---

[1] In addressing a *pro se* litigant's complaint, the court must read the allegations generously, resolving

Williams alleges that when he was transferred to WSPF, he filed numerous complaints about his property, medical problems and conditions of confinement. He alleges that due to his indigency, he was entitled to a legal loan pursuant to DAI Policy 309.51.01. Williams claims that he attempted to obtain copies of certain medical records using his legal loans, but DAI Policy 309.51.01(4)(3)(E) provides that inmates may not use legal loans for copies of medical records unless the inmate demonstrates a clear need for the record in litigation.

Williams alleges that although he requested to include medical records as attachments to appeals of numerous inmate complaints, defendant Titlbach denied "hundreds" of his requests, responding that he did not need to attach copies of medical records. (Compl. (dkt. #1) 4.) Williams further claims that defendant Ray agreed that Titlbach should deny his requests. Williams claims that their approach to his inmate complaint appeals caused him to lose "countless appeals." (*Id.* at 4.)

Williams further claims that Titlbach refused to grant his requests to use legal loans to pay for medical records in three of his federal cases, Case Nos. 14-cv-792, 14-cv-1028, and 19-cv-1174. Titlbach allegedly spoke with defense counsel about what records Williams needed to litigate the appeal before the Court of Appeals for the Seventh Circuit in one of those cases, and she was told that the defendant had sent Williams all of the documents he would need to litigate the appeal. However, Williams claims that he needed

---

ambiguities and drawing reasonable inference in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

a document related to a foot surgery that neither the district court nor the court of appeals possessed.

Finally, Williams claims that Titlbach would make up rules to prevent Williams from litigating his cases, including placing him on a paper restriction. Although Williams complained to defendant Brown about the restrictions, Brown allegedly condoned Titlbach's actions.

OPINION

The court understands plaintiff to be pursuing Fourteenth Amendment due process and First Amendment access to courts claims, as well as state law claims challenging the legal loan policy.

As an initial matter, the court is dismissing defendant Mellum for lack of personal involvement. Indeed, to demonstrate liability under § 1983, a plaintiff must allege sufficient facts showing that an individual personally caused or participated in a constitutional deprivation. *See Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("individual liability under § 1983 requires personal involvement in the alleged constitutional violation") (citation omitted). Since plaintiff has not alleged that Mellum was involved in any of the events outlined in his complaint, he is subject to dismissal for lack of personal involvement.

Nor may plaintiff proceed on a Fourteenth Amendment due process claim. The due process clause prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. To prevail on a § 1983

3

procedural due process claim, a plaintiff must demonstrate that he: (1) has a cognizable interest; (2) has suffered a deprivation of that interest; and (3) was denied due process. *Kahn v. Bland,* 630 F.3d 519, 527 (7th Cir. 2010). "A protected property interest is a 'legitimate claim of entitlement' that is 'defined by existing rules or understandings that stem from an independent source such as state law.'" *Tenny v. Blagojevich*, 659 F.3d 578, 581 (7th Cir. 2011) (quoting *Board of Regents v. Roth,* 408 U.S. 564, 577 (1972)). However, "[p]rison grievances procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011)). Since plaintiff appears to be pursuing a due process claim related to his ability to use legal loan resources to pursue appeals of his grievances, he has no liberty interest in the grievance process. Accordingly, his allegations related to his ability to litigate his inmate complaint appeals do not support a Fourteenth Amendment due process clause claim.

That said, prisoners have an unquestionable Fourteenth and First Amendment right to access the courts for purposes of pursuing post-conviction remedies and for challenging the conditions of their confinement. *See Snyder v.* Noel, 380 F.3d 279, 291 (7th Cir. 2004); *Campbell v. Miller*, 787 F.2d 217, 225 (7th Cir. 1986) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)); *Wolff v. McDonnell*, 418 U.S. 539, 578-80 (1974); *Procunier v. Martinez*, 416 U.S. 396, 419 (1974)). Indeed, to insure meaningful access, states have an *affirmative* obligation to provide involuntarily institutionalized persons with "adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828.

To state a claim of denial of access to courts, however, the plaintiff must allege facts

4

from which an inference can be drawn of "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996). At a minimum, the plaintiff must allege facts showing that the "blockage prevented him from litigating a nonfrivolous case." *Walters v. Edgar*, 163 F.3d 430, 433-34 (7th Cir. 1998). To state an access to courts claim, therefore, plaintiff must allege that he was deprived of the ability to pursue "a legitimate challenge to a conviction, sentence, or prison conditions." *Pratt v. Tarr*, 464 F.3d 730, 731–32 (7th Cir. 2006).

Plaintiff appears to be pursuing claims against Ray and Titlbach for their decisions related to his numerous inmate complaint appeals. However, although plaintiff complains about his inability to submit copies of his medical records to his appeal of numerous dismissed inmate complaints, he has not alleged how the resolution of his inmate complaints actually prevented him from pursuing litigation. Indeed, the inmate complaint system is an internal set of procedures inmates must complete prior to filing a lawsuit in federal court. Those procedures do not require a meritorious result to file suit; they simply require the inmate to follow each step prior to filing suit. Since plaintiff has not alleged that Ray or Titlbach prevented him from completing the grievance process, his challenge to the denials of his requests to use his legal loans to make copies for purposes of his inmate complaint appeals does not support an access to courts claim.

Yet plaintiff also appears to be pursuing a claim against Ray and Titlbach for their alleged failure to provide him legal loans for his federal cases, which may support a claim, but not on the few vague facts alleged. Plaintiff appears to suggest that his inability to access certain medical records related to a need for foot surgery had an adverse impact on his ability to litigate a case, but his complaint does not provide sufficient details to support

an access to courts claim. For example, plaintiff has not identified which of the three lawsuits Titlbach allegedly interfered, how or when he was actually prevented from submitting evidence about his need for foot surgery, and, most critically, exactly how his inability to file that medical record adversely impacted the outcome of that case. As such, plaintiff's allegations do not support a reasonable inference that Titlbach or Ray actually thwarted his ability to litigate one of his cases.

Finally, as for plaintiff's allegations that Titlbach imposed restrictions to his access to paper, which Brown refused to lift, plaintiff does not provide any context or details about these restrictions. For example, plaintiff has not identified when these restrictions were imposed, nor whether, when the restrictions were in place, he was, in fact, prevented from meeting deadlines in one of his federal lawsuits and thus prejudiced as a direct result of the restrictions. If the restrictions simply made it more inconvenient for plaintiff to litigate his cases, that would not be enough to suggest a constitutional violation. *See Campbell*, 787 F.2d at 227 ("[I]f [a plaintiff] is afforded meaningful access to the courts despite the delays and inconvenience, then the restrictions are valid.") (citing *Bounds*, 430 U.S. at 823). Since plaintiff has not alleged facts suggesting that these restrictions had *any* adverse impact in his federal cases, his allegations related to the paper restriction do not support an access to courts claim against Titlbach and Brown.

While it appears that plaintiff's allegations do not support a constitutional claim, the Seventh Circuit has cautioned that "when a plaintiff – especially a pro se plaintiff – fails to state a claim in his first complaint, he should ordinarily be given a chance to amend." *Fenton v. City of Chi.*, 827 F.3d 632, 636 (7th Cir. 2016). Moreover, it is

6

conceivable that he may be able to save his access to courts claim against Titlbach and/or Ray related to his federal lawsuits by amending his complaint with more details. Critically, if plaintiff alleges in good faith exactly why he needed to submit copies of his medical records, when he needed to submit them and in which case, details about Titlebach's and Ray's denial or denials of his requests, and precisely how the omission of those records adversely impacted the outcome of the lawsuit or lawsuits, it is possible that this claim may be able to survive screening. Therefore, the court will give plaintiff a brief window of time to file an amended complaint. Plaintiff should omit from his proposed amended complaint any claims related to his efforts to access the inmate complaint system and paper restrictions (unless he can allege in good faith that the paper restriction also impeded his litigation of the federal cases), and he should exclude Mellum and Brown as defendants, since plaintiff cannot save his claims against these defendants by amending his complaint. If the court receives plaintiff's proposed amended complaint by the deadline set forth below, the court will screen is as required by 28 U.S.C. §§ 1915(e)(2), 1915A. If the court receives nothing from plaintiff, this lawsuit will be dismissed with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

ORDER

IT IS ORDERED that:

1. Plaintiff Travis Williams is DENIED leave to proceed on any claims in this lawsuit, and his complaint is DISMISSED without prejudice, for the reasons explained above.

2. Plaintiff has until **February 10, 2022**, to file an amended complaint that states a federal claim upon which relief can be granted. **If plaintiff does not file an amended complaint by that deadline, the court will dismiss this**

**lawsuit with prejudice, for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).**

Entered this 20th day of January, 2022.

        BY THE COURT:

        /s/

        _____
        WILLIAM M. CONLEY
        District Judge